## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JERROD ANTONIO FULLER,

    *Plaintiff,*

    v.

STATE OF MARYLAND, *et al.,*

    *Defendants*

Action No. 26-cv-2259-ABA

### MEMORANDUM AND ORDER

Plaintiff Jerrod Fuller has attempted to remove to this Court his state criminal case pending in the District Court for Anne Arundel County in which he was arrested for, among other things, resisting arrest and disorderly conduct on December 26, 2025. Mr. Fuller has cited as authority for the removal 28 U.S.C. §§ 1443 and 1455.

Under section 1443, a defendant may remove state criminal proceeding to federal court when the proceeding is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" or "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443. The removal must occur "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b).

To remove such a case "[f]irst, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in

terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *State of Ga. v. Rachel*, 384 U.S. 780, 791 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.* "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law.'" *Id.* (quoting *Rachel*, 384 U.S., at 803). In other words, removal under section 1443 is reserved for "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). If the removing party "has not made the requisite showing for removal under § 1443," then "the district court lack[s] subject matter jurisdiction over the removed prosecution" and must "remand[] the case to state court." *North Carolina v. Dupree*, 521 F. App'x 181, 182 (4th Cir. 2013).

Mr. Fuller alleges that the state has violated various constitutional rights, including his "Sixth Amendment right to jury trial and self-representation, right to due process and equal protection, and his right to be free from unlawful confinement." ECF No. 1 at 3. He does not allege violations due to racial discrimination as is required by section 1443. Mr. Fuller has also not shown that he cannot enforce the rights at issue due to an express state or federal law. And finally, according to the state court docket, Mr. Fuller did not attempt to remove the case within thirty days of his arraignment and he has not shown good cause for extending that deadline.

For these reasons, Mr. Fuller has not met his burden of establishing removal is proper under section 1443, and, therefore, this Court lacks subject matter jurisdiction.

It is therefore ORDERED that the case shall be REMANDED to the District Court for Anne Arundel County and this action shall be marked as CLOSED.

June 9, 2026

/s/
Adam B. Abelson
United States District Judge